# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HANES CARIBE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 1:15-cv-00972 ) |
| GLOBAL MANUFACTURERS AND CONTRACTORS, S.A., | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff Hanes Caribe, Inc. ("Hanes Caribe") states the following for its Complaint against Defendant Global Manufacturers and Contractors, S.A. ("GMC") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 4, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards as codified in the Federal Arbitration Act, 9 U.S.C. § 203.

2. The Defendant, GMC, is subject to personal jurisdiction in North Carolina pursuant to North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, because GMC is engaged in substantial activity in North Carolina by doing business with Hanes Caribe, which is a wholly-owned subsidiary of Hanesbrands Inc. ("Hanesbrands"), related to the

underlying agreements and dispute between the parties. Hanesbrands Inc. has its principal place of business in Winston-Salem, North Carolina.

3. Venue is proper in the United States District Court for the Middle District of North Carolina pursuant to the federal venue statute, 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Hanes Caribe is a corporation organized under the laws of the Cayman Islands with its principal place of business in George Town, Grand Cayman, Cayman Islands.

5. With regard to the Agreement at issue in this case, Plaintiff Hanes Caribe is the assignee of Hanes Dominican, Inc. ("Hanes Dominican"), which is a corporation organized under the laws of the Cayman Islands with its principal place of business in George Town, Grand Cayman, Cayman Islands. Hanes Dominican is a wholly-owned subsidiary of Hanesbrands Inc.

6. Defendant GMC is a corporation organized under the laws of Haiti with its principal place of business in Port-au-Prince, Haiti.

## FACTUAL ALLEGATIONS

7. Hanesbrands Inc. is a global leader and socially responsible manufacturer and marketer of everyday basic apparel that includes undergarments, bras, sheer hosiery, socks, T-shirts, and other innerwear and outerwear.

8. Hanes Caribe is a wholly-owned subsidiary of Hanesbrands Inc. that does business in the Caribbean.

9. Defendant GMC is a Haitian company that is in the business of providing manufacturing services, including manufacturing services related to undergarments and other apparel.

10. An Amended and Restated Manufacturing Services Agreement ("the 2008 Agreement") was entered into by the parties on September 1, 2008. The 2008 Agreement and its various restatements and amendments are referred to collectively herein as "the Agreements."

11. The 2008 Agreement provided the terms and conditions that governed the relationship between Hanes Dominican and GMC for the period between January 1, 2007, and September 1, 2009. Hanes Dominican retained an option to renew the 2008 Agreement on a yearly basis. A true and accurate copy of the 2008 Agreement is attached hereto as **Exhibit A**.

12. Pursuant to the Agreements, GMC manufactured undergarments for Hanes Dominican, and subsequently for Hanes Caribe.

13. The Agreements specified the terms of the relationship and provided a compensation structure for the production of undergarments by GMC.

14. Pursuant to Section 15 of the 2008 Agreement, the parties agreed that "All disputes arising out of or in connection with the present contract shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by three arbitrators appointed in accordance with the said Rules."

15. Section 15 of the 2008 Agreement further specified that the "place of the

arbitration shall be Miami, Florida," and that the "contract shall be governed by North Carolina law, without regard to any conflict of law or arbitration rules."

16. Following the 2008 Agreement, Hanes Dominican and GMC entered into a series of Amendments that extended the terms of the 2008 Agreement as they related to the manufacturing of undergarments by GMC, including the following:

   a. Amendment One – entered into on October 22, 2009 and extended the terms of the 2008 Agreement to September 1, 2010;

   b. Amendment Two – entered into March 2011 which corrected several errors made in Amendment One and established a new form for invoices and shipping documents;

   c. Amendment Three – entered into March 2011 and extended the terms of the 2008 Agreement and its amendments to November 1, 2011.

17. On July 30, 2009, Hanes Dominican sent GMC a letter ("2009 Letter") stating that all rights, responsibilities, and obligations, and past, present, and future liabilities, of Hanes Dominican under the 2008 Agreement and its Amendments had been assigned to Hanes Caribe pursuant to an Assignment and Assumption Agreement dated July 30, 2009 ("Assignment Agreement"). A true and accurate copy of the Assignment Agreement is attached hereto as **Exhibit B**.

18. Specifically, the 2009 Letter states that "[w]e are writing this letter to notify you of our assignment of the rights, responsibilities and obligations of Hanes Dominican, Inc. under the [2008] Agreement . . . to HANES CARIBE, INC. . . . As a result of this

4

assignment, Hanes Caribe will become solely responsible for the payment and performance of all past, present, and future liabilities and obligations of Hanes Dominican, Inc. under the [2008] Agreement[.]" A true and accurate copy of the 2009 Letter is attached hereto as **Exhibit C**.

19. In late 2012, Hanes Caribe and GMC entered into their final Amendment of the 2008 Agreement, entitled Amendment Agreement No. 4 and Addendum to Manufacturing Services Agreement - (Underwear) ("2012 Amendment"). The 2012 Amendment kept the terms of the 2008 Agreement and its amendments, except that it extended the parties' relationship to December 31, 2013.

20. On October 14, 2015, Hanesbrands Inc. received a letter indicating that GMC was initiating legal proceedings in the courts of Haiti regarding compensation for work performed by GMC pursuant to the 2008 Agreement. The letter contained a copy of the Registration of Civil Action ("Haitian Complaint"), in French, which had been filed in the Haitian court system in Port-au-Prince on September 10, 2015. A true and accurate copy of the Haitian Complaint, which has been translated to English by a Certified Translator, is attached to the Complaint as **Exhibit D**.

21. The translated copy of the Haitian Complaint reveals that GMC is seeking damages in the amount of $36,334,770.36 (U.S.) for alleged anomalies in compensation allegedly due under the 2008 Agreement. The Haitian Complaint is wholly without merit.

22. Specifically, GMC, through the filing of the Haitian Complaint, is seeking

5

to recover compensation that it believes is owed to it pursuant to the Standard Allowed Minute ("SAM") provision in the 2008 Agreement, which is the compensation model described in the 2008 Agreement for calculating money owed to GMC. (Ex. A at § 2(A) & Appendix A.) As such, the Haitian Complaint pertains to a dispute that arises out of or is in connection with the 2008 Agreement.

23. GMC has not initiated or attempted to initiate arbitration to resolve this dispute, instead initiating the Haitian action in violation of Section 15 of the 2008 Agreement.

24. The arbitration clause contained in Section 15 of the 2008 Agreement was not altered by any of the Amendments to the agreement, and any rights under Section 15 were validly assigned to Hanes Caribe in 2009. That clause unequivocally states that "All disputes arising out of or in connection with the present contract shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by three arbitrators appointed in accordance with the said Rules."

25. GMC's disregard of the clear and binding language of Section 15 of the 2008 Agreement is a direct breach of the 2008 Agreement.

26. GMC is engaging in a transparent attempt to avoid the agreed-upon arbitration and impose unnecessary expense and burden on Hanes Caribe.

27. As such, Plaintiff Hanes Caribe respectfully asks that this Court, *inter alia*: (a) declare the arbitration clause contained in the 2008 Agreement valid and enforceable and applicable to GMC's claims as contained in the Haitian Complaint, and (b) enjoin

GMC from pursuing the proceedings encompassed by the Haitian Complaint or any similar proceeding.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT

28. Plaintiff Hanes Caribe incorporates paragraphs 1 through 27 as if fully re-alleged herein.

29. An actual case or controversy exists between GMC and Hanes Caribe regarding the applicability of the arbitration clause contained in the 2008 Agreement.

30. The arbitration clause contained in Section 15 of the 2008 Agreement applies to the underlying allegations contained in GMC's Haitian Complaint.

31. The Haitian Complaint is an action for damages arising out of the compensation structure established in the 2008 Agreement, and therefore the dispute is subject to the arbitration provisions of Section 15 of that agreement.

32. By filing the Haitian Complaint, GMC has taken the position that the arbitration clause does not apply to its claims for damages against Hanes Caribe. This position conflicts with the language of the 2008 Agreement, which states that all disputes "arising out of or in connection with the present contract" shall be resolved pursuant to the arbitration provisions contained in Section 15 of the 2008 Agreement. The interpretation advocated by GMC conflicts with a plain reading of the arbitration provision.

33. Accordingly, Hanes Caribe respectfully requests a declaratory judgment that the dispute underlying the Haitian Complaint is subject to Section 15 of the 2008

Agreement, which requires the parties to arbitrate the dispute in accordance with the bargained-for arbitration provision contained therein.

## COUNT II
## REQUEST FOR ISSUANCE OF ANTI-SUIT INJUNCTION

34. Plaintiff Hanes Caribe incorporates paragraphs 1 through 33 as if fully re-alleged herein.

35. An anti-suit injunction is proper in this case because all requirements for the Court to enjoin GMC from proceeding with its suit in Haiti are satisfied.

36. Specifically, the parties to the present action and to the proceedings in Haiti are the same or substantially the same given that Hanes Caribe is the assignee of the 2008 Agreement at issue in the Haitian action (and, therefore, the real party in interest, rather than Hanes Dominican).

37. Further, resolution of the case before this Court, and thus ultimately the Arbitration, will be dispositive of the action to be enjoined because an anti-suit injunction will dispose of the Haitian action and allow the issues to be determined pursuant to arbitration.

38. Additionally, an anti-suit injunction in this case will protect this Court's jurisdiction and policy, as well as general federal policy surrounding the desirability of resolving lawsuits by arbitration and the application of arbitration clauses.

39. Finally, the proceedings in Haiti are vexatious in that they attempt to impose the expense and burden of litigating in Haiti on Hanes Caribe despite the parties' bargained-for arbitration provision in the 2008 Agreement. An anti-suit injunction will

safeguard other equitable considerations, such as concerns as to national policy and international comity, and will prevent delay, inconvenience, expense, inconsistency or a race to judgment.

40. Accordingly, Hanes Caribe respectfully requests an anti-suit injunction that prohibits GMC from maintaining its legal proceedings in Haiti, or initiating other proceedings elsewhere.

### **PRAYER FOR RELIEF**

Plaintiff HANES CARIBE, INC. therefore prays that:

1. The Court declare that the arbitration provision contained in the 2008 Manufacturing Services Agreement is valid and enforceable as to the dispute and claims at issue in Defendant Global Manufacturers and Contractors, S.A.'s September 10, 2015 Haitian Complaint;

2. The Court issue an anti-suit injunction requiring Defendant Global Manufacturers and Contractors, S.A. to immediately cease and desist the proceedings initiated in Haiti on September 10, 2015, and to refrain from filing additional lawsuits; and

3. All other relief to the plaintiff as this Court deems just, proper, and equitable.

Respectfully submitted, this the 17th day of November, 2015.

KILPATRICK TOWNSEND & STOCKTON LLP

/s/ Jason M. Wenker
Stephen R. Berlin (N.C.S.B. #12317)

Jason M. Wenker  (N.C.S.B. #36076)
1001 West Fourth Street
Winston-Salem, North Carolina  27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email:  SBerlin@KilpatrickTownsend.com
Email:  JWenker@KilpatrickTownsend.com

*Attorneys for Plaintiff Hanes Caribe, Inc.*